NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LINDSAY REESEG, on behalf of herself and all others similarly situated,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**GENERAL REVENUE CORPORATION and JOHN DOES 1-25,**<br><br>**Defendants.** | Civ. No. 2:14-CV-08033-WJM-MF<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Lindsay Reeseg brings this putative class action against Defendant General Revenue Corporation ("GRC") and John Does 1-25, alleging violations of the Fair Debt Collections Practices Act ("FDCPA"). This matter comes before the Court on GRC's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, GRC's motion to dismiss is **DENIED**.

### I.   BACKGROUND

This suit arises out of a debt that Reeseg allegedly owed to Art Institute Online-Outside Collections ("AIOOC"). Am. Compl. ¶ 15. Reeseg alleges that AIOOC contracted GRC[1] to collect on the debt, *Id.* at ¶ 21, and that GRC subsequently sent her a computer generated collection letter. *Id.* at ¶¶ 22, 25. The letter stated that Reeseg owed GRC $224.00 on the debt, *Id.* at ¶ 26, and included the following disclaimer:

> As of the date of this letter, you owe the balance shown on this letter. Because you may be required to pay interest on the outstanding portion of your balance, as well as late charges and other charges that may vary from

---

[1] Reeseg alleges that GRC "collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet." Am. Compl. ¶ 20.

> day to day, the amount required to pay your balance in full on the day you send payment may be greater than the amount stated here. If you pay the amount stated here, an adjustment may be necessary after we receive your payment. In that event, we will notify you of any adjustment in your balance. We encourage you to call General Revenue Corporation prior to making a payment intended to pay your balance in full.

*Id.* at ¶ 27. Notwithstanding that language, Reeseg alleges that her debt would never accrue interest, late charges, or other charges that would have varied from day to day, *Id.* at ¶ 28, and that GRC would never charge any additional interest or other charges because it "had no legal or contractual right to increase the amount owed." *Id.* at ¶ 40, 47. Consequently, Reeseg contends that GRC engaged in abusive, deceptive, and unfair practices in violation of the FDCPA by (1) falsely representing that charges may be added to the consumer's stated balances, (2) falsely stating that an adjustment may be necessary following payment in the amount stated on the letter, and (3) falsely suggesting that GRC might increase the amount owed. *Id.* at ¶¶ 37-38, 40. Reeseg further alleges that GRC sent letters containing the same language to other consumers within the State of New Jersey. *Id.* at ¶ 32. On December 29, 2014, Reeseg filed a complaint on behalf of herself and other New Jersey consumers who within the last year received "collection letters and/or notice from [GRC] attempting to collect an obligation owed or allegedly owed to ["AIOOC"] that contain at least one of the alleged violations arising from [GRC's] violation of [the FDCPA]." *Id.* at ¶ 11. The complaint seeks actual and statutory damages as well as costs. GRC now moves to dismiss for failure to state a claim.

## I.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*,

550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id.*

## II.  DISCUSSION

Plaintiff's Complaint asserts two Counts:

(1) Count One: Misleading and false representations and false threats, in violation of 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10); and
(2) Count Two: Failure to properly disclose the amount of a debt, in violation of 15 U.S.C. § 1692g(a)(1).

Defendant has moved to dismiss both Counts. The Court will address each Count in turn.

### A.  § 1692e

The FDCPA prohibits a debt collector from using any "false representation or deceptive means to collect or attempt to collect a debt." 15 U.S.C. § 1692e(10). Courts construe the language of the statute broadly. *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006). Accordingly, courts in FDCPA cases will construe debt collection letters from the perspective of "the least sophisticated consumer." *See Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000), *as amended* (Sept. 7, 2000). The least sophisticated consumer standard is "lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Id.* (quoting *Swanson v. Southern Oregon Credit Serv., Inc.,* 869 F.2d 1222, 1227 (9th Cir. 1988)). That said, "by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care," the standard avoids imposing liability based on "bizarre or idiosyncratic interpretations of collection notices…." *Id.* at 354-55 (internal quotation marks and citation omitted). Thus, a collection letter that can be reasonably interpreted as having an inaccurate meaning violates the FDCPA. *See id.* at 354.

Here, Reeseg alleges that the collection letter represented that GRC may add interest or other charges to her balance, when in reality GRC "had no legal or contractual right to increase the amount owed." Am. Compl. ¶¶ 37-40. To the least sophisticated consumer, this language is misleading because it suggests that GRC could potentially impose additional charges, even though that would never actually occur. *Beauchamp v. Fin. Recovery Servs., Inc.*, No. 10 CIV. 4864 SAS, 2011 WL 891320, at *3 (S.D.N.Y. Mar. 14, 2011) (finding that a letter stating that the debt balance may increase could mislead the least sophisticated debtor into believing that additional charges or interest would accrue).[2] Therefore, assuming her allegations to be true, Reeseg sufficiently pleads that the collection letter is deceptive under § 1692e(10). Moreover, a debt collector may not

---

[2] GRC argues that the Court should disregard *Beauchamp* because it is not binding authority. However, the Court notes that the opinion is well reasoned, based on analogous facts, and therefore persuasive.

threaten "to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). For the reasons stated above, the least sophisticated consumer may also reasonably interpret the collection letter as a threat that GRC may increase the amount owed, notwithstanding the fact that GRC is contractually authorized to collect only the initial balance. *See Beauchamp*, at *3 ("A debt collector's false suggestion that it might take a certain action constitutes an actionable threat under 1692e(5).").

Additionally, the Court rejects GRC's argument that the collection letter contains the "safe harbor" language described in *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 876 (7th Cir. 2000). In *Miller*, the Seventh Circuit explained that a debt collector can avoid certain forms of FDCPA liability by indicating that an adjustment to an amount owed "may" be necessary. However, *Miller* limited its application to cases in which a consumer's debt "varies from day to day." Moreover, in *Chuway v. Nat'l Action Fin. Services Inc.*, the Seventh Circuit further explained that the safe harbor language can avoid liability where "the debt collector is trying to collect the listed balance plus the interest running on it or other charges…." 362 F.3d 944, 949 (7th Cir. 2004). In fact, the court in *Chuway* stated that where a debt collector is not attempting to collect interest or other charges, "it complies with the Act by stating the 'balance' due…and asking the recipient to remit the balance listed—and stopping there, without talk of the 'current' balance." 362 F.3d at 949. According to Reeseg, not only does GRC have no intention of collecting interest or other charges that go beyond the stated balance, it is in fact prohibited from doing so.[3] In light of those allegations, the Court finds that Reeseg has successfully stated a claim under sections 1692e(5) and (10).

### B.  § 1692g

Reeseg has also stated a claim under 15 U.S.C. § 1692g, which provides that a debt collector must disclose the amount of the debt owed by a consumer. A disclosure under §1692g must not be "overshadowed or contradicted by accompanying messages or notices from the debt collector." *Id.* at 355. A message overshadows or contradicts a debt disclosure "if it would make the least sophisticated consumer uncertain as to her rights." *Id.* at 354 (quoting *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996)). Here, because the collection letter indicates that additional charges may be applied to the debt balance, the least sophisticated consumer could reasonably conclude that the debt might increase if

---

[3] GRC contends that the collection letter is not misleading because Reeseg's credit agreement with AIOOC provides for the accrual of interest. However, by indicating that GRC will notify Reeseg of any adjustment to her balance, the collection letter gives the impression that GRC may collect interest. Similarly, the letter encourages Reeseg to contact GRC before making payment to confirm that no adjustments have been made. Reeseg does not contend that her agreement with AIOOC does not provide for interest; rather, the crux of her complaint is that GRC has no authority to collect interest or other charges. Assuming that to be true, she has adequately alleged that the letter is deceptive under the least sophisticated consumer standard. *Chuway*, 362 F.3d at 949; *Beauchamp*, at *3.

the stated balance was not paid immediately. In light of Reeseg's allegation that GRC would *never* collect interest or late charges, regardless of when the balance was paid, the debt disclosure here is overshadowed by language that would make the least sophisticated consumer uncertain as to her rights. *See Beauchamp*, at *3. And for the reasons described in the foregoing section, the use of *Miller's* safe harbor language does not defeat Reeseg's claim.

In denying GRC's motion, the Court is constrained by the motion to dismiss standard, which requires that Reeseg's allegations be given the presumption of truth. If, however, discovery reveals that GRC was authorized to collect interest and other charges beyond the stated balance, summary judgment in GRC's favor may be appropriate.

### III.    DISCUSSION

For the reasons stated above, Defendant's motion to dismiss is **DENIED**. An appropriate order accompanies this decision.

                                          /s/ William J. Martini
                                   **WILLIAM J. MARTINI, U.S.D.J.**

**Date: July 27, 2015**